IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MONTGOMERY CARL AKERS,            )
No. 02866-081,                    )
                                  )
                   Petitioner,    )
                                  )
vs.                               )        CIVIL NO. 13-CV-01090-DRH
                                  )
JEFFFREY S. WALTON,               )
                                  )
                   Respondent.    )

MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Montgomery Carl Akers is currently incarcerated at the United States Penitentiary in Marion, Illinois. In 2006, Akers was convicted of wire fraud, sentenced to imprisonment for 327 months and ordered to pay $42,236.77 in restitution. *United States v. Akers*, No. 04-cr-20089-KHV (D. Kansas Dec. 7, 2006). Akers is now before the Court pursuant to 28 U.S.C. § 2241, seeking an injunction preventing the Federal Bureau of Prisons ("BOP") from: (1) "regulating his personal finances" in order to pay restitution; and (2) requiring him to "prove" his finances so that the BOP can notify the Court for purposes of restitution payments. Akers also takes issue with the BOP "reading, censoring and rejecting" his "legal mail" to counsel. Akers asserts that the BOP cannot make him pay restitution because restitution is a term of his supervised release.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States

District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.

A Section 2241 petition seeking habeas corpus relief is an appropriate mechanism for challenging the execution of the restitution aspect of a sentence. *McGhee v. Clark*, 166 F.3d 884, 885-87 (7th Cir. 1999).  However, the petition is flawed in several respects and will be dismissed.

As a preliminary matter, the petition is signed, but not under penalty of perjury, as required by Rule 2(c)(5) of the Rules Governing Section 2254 Cases in United States District Courts.  A notation states, "I will swear in open court only" (Doc. 1, p. 9).

The Judgment and Commitment Order (a matter of public record) imposing restitution specifies that payments were ordered to begin immediately, under the following schedule:

> Payments of not less than 10% of the funds deposited each month into the inmate's trust fund account *and* monthly installments of not less than 5% of the defendant's monthly gross household income over a period of 5 years, to commence 30 days after release from imprisonment to a term of supervision.

(Case No. 04-cr-20089-KHV, Doc. 216 (emphasis added)).  Based on the provision quoted above and other statements within the Judgment and Commitment Order,

payment of the monetary penalty is specifically due during imprisonment, continuing as a term of supervised release (Case No. 04-cr-20089-KHV, Doc. 216, pp. 3-6).

It is well established that during imprisonment, payments are made via the Inmate Financial Responsibility Program ("IFRP"), 18 U.S.C. § 4042(a)(1), run by the BOP, 28 C.F.R. § 545.11. *United States v. Laranta*, 700 F.3d 983, 993 (7th Cir. 2012). The Court is not permitted to override BOP discretion over the IFRP. *In re Buddhi*, 658 F.3d 740, 742 (7th Cir. 2011). The first step in the IFRP is for the BOP to fashion a financial plan "using all available documentation," and making payments "from institution resources or non-institution (community) resources" (28 C.F.R. §§ 545.11(a), (b)). The IFRP has withstood constitutional challenge, even insofar as an inmate's privileges are restricted for nonparticipation in what is otherwise a voluntary program. *See McGhee*, 166 F.3d at 887; *see also* 28 C.F.R § 545.11(d). Thus, Akers' claims fail on their merits.

The allegations regarding interference with Akers' legal mail—potential First Amendment violations—cannot be remedied in this habeas corpus action. Akers has been banned from filing civil actions (other than habeas corpus) until he pays all outstanding filing fees (at last count $1,720.00). *See Akers v. Roal*, No. 11-3268, Doc. 14 (7th Cir. April 24, 2012). Moreover, allegations of interference with Akers' ability to access his finances and to communicate with

counsel and others regarding his finances were dismissed in *Akers v. Roal*, No. 11-cv-622-MJR, Doc. 38 (S.D. Ill. Aug. 13, 2012).

## Pauper Status

Akers has moved to proceed *in forma pauperis*, seeking leave to proceed without prepayment of the ordinary filing fee of $5.00 in habeas corpus cases. *See* 28 U.S.C. § 1914(a). Importantly, in the Seventh Circuit an action brought pursuant to 28 U.S.C. § 2241 is not subject to the requirements of 28 U.S.C. § 1915(a)(2) and (b), because a petitioner's application for a writ of habeas corpus is deemed to be a continuation of the criminal proceedings against the petitioner, not a civil action. *See Walker v. O'Brien*, 216 F.3d 626, 633-34 (7th Cir. 2000) (citing *Newlin v. Helman*, 123 F.3d 429 (7th Cir. 1997)); *Martin v. United States*, 96 F.3d 853, 855-56 (7th Cir. 1996). Nevertheless, "[a] court has it within its discretion to insist that litigants nonetheless pay a fee commensurate with their ability to do so." *Walker,* 216 F.3d at 638.

Akers' motion and affidavit are signed, but not under penalty of perjury, as required under 28 U.S.C. § 1915. Again, Akers notes that he will only swear in open court (Doc. 2, p. 2). Consequently, Akers' motion for pauper status (Doc. 2) will be denied and Akers must pay the $5.00 filing fee.

**IT IS THEREFORE ORDERED** that, for the reasons stated, Montgomery Carl Akers' habeas corpus petition pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice. This case is closed and judgment shall enter accordingly.

**IT IS FURTHER ORDERED** that Akers' motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED**. Payment of the $5.00 filing fee shall be sent to: United States District Court, Clerk's Office, 750 Missouri Avenue, P.O. Box 249, East St. Louis, Illinois, 62201. At the time payment is made, Petitioner's name and the case number assigned to this action shall be clearly identified. The Clerk of Court shall send a copy of this Order to Petitioner and to the Warden at USP-Marion.

The addition of this filing fee increases the amount of filing fees owed by Akers to $2,730.00, by this Court's best calculation. Consistent with the Order of the Court of Appeals for the Seventh Circuit, the clerks of all federal courts in the circuit will return unfiled any papers submitted directly or indirectly on behalf of Montgomery Carl Akers until all outstanding filing fees are paid. This ban does not apply to criminal cases or petitions challenging the terms of confinement.

**IT IS SO ORDERED.**

Digitally signed by
David R. Herndon
Date: 2013.11.18
09:45:58 -06'00'

**Chief Judge**
**United States District Court**